IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 3-06-CR-587 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **UPON DEFENDANT'S MOTION TO** |
| EDWARD KEITH DEMBRY, | ) | **SUPPRESS** |
| a/k/a Edward Keith, | ) | |
| a/k/a Edward Wilson, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Court's order of January 19, 2007 (Clerk's No. 22) and 28 U.S.C. 636(a), defendant Edward Keith Dembry's Motion to Suppress filed on January 8, 2007 (Clerk's No. 16), came on for hearing on January 31, 2007, at the United States Courthouse, Davenport, Iowa. Defendant appeared in person, and with his attorney, David Treimer.  The government was present by Assistant United States Attorney Donald Allegro.

The Court conducted a hearing on this pending motion, and for the purposes of preparing this Report and Recommendation on January 31, 2007.  The motion is considered fully submitted.

BACKGROUND OF THE CASE

Late on August 27, 2006, Sargent Douglas Carden and Officer Douglas Roling, two Coralville, Iowa police officers, were on foot patrol in an area known for its fighting and drug problems.  After walking through a few apartment buildings, the officers were nearing the end of their shift and they decided to walk through one more building.  The two officers were conversing about Carden's shift-change responsibilities when the defendant walked out the front door of the building, a short distance away.

From their different vantage points, the two officers observed the following events. Roling remembers the defendant stepping a few feet away from the door, making eye contact with him, abruptly turning, and running back through the door. Carden did not see the defendant exit the door, but remembered seeing him outside. He recalled the defendant making eye contact and then casually turning and going back inside.

Officer Roling ran after the defendant and Sargent Carden followed. Roling chased the defendant up a well-lit staircase and saw him pull a handgun out of the rear waistband of his shorts. The hallway at the top of the stairs was dark and contained wooden storage lockers, however the light from a window in a rear door enabled Roling to see the defendant's motions as he tossed the gun. Roling then heard the sound of metal hitting wood. Finally, the defendant turned and walked toward Officer Roling with his hands up.

At that point, Sargent Carden came to the top of the stairs and remembers that the defendant appeared to be nervous; his eyes were darting around and he kept putting his hands in his pockets. Carden remained with the defendant while Roling went to the storage locker area where he saw a 40-caliber semi-automatic handgun in one of the open lockers. Thereafter, the officers took the defendant into custody and upon a search found a fully loaded magazine clip in his pocket.

Initially, the defendant, a convicted felon, said the gun was not his and that he had only thrown a bag of marijuana out the back door. However the officers searched the rear of the building and failed to locate any drugs at the rear of the building. Later the defendant claimed he was only returning the gun to an acquaintance.

The defendant has moved to suppress the physical evidence seized from his person as well as the statements he made once he was in police custody, arguing that the officers lacked probable cause and reasonable suspicion to follow him into the apartment building.

## MOTION TO SUPPRESS

Fed. R. Crim. P. 12(b)(3)(C)  provides in part as follows:

> (b) Pretrial Motions.
>
> (3) *Motions That Must Be Made Before Trial*.  The following must be raised before trial:
>
> (C) a motion to suppress evidence

The Fourth Amendment affords protection against  "unreasonable...seizures." U.S. Const. amend. 4.  Therefore, evidence collected as a result of an unlawful seizure is properly excluded under Fed. R. Crim. P. 12(b)(3)(c).  On the other hand, evidence is admissible if it is not the "fruit" of an illegal seizure.  See California v. Hodari D., 499 U.S. 621, 626 (1991) (finding no seizure until the suspect was tackled by police, so the rock of cocaine which was thrown by the suspect during the proceeding police chase was admissible).

## DISCUSSION

The question in this case is whether the evidence was collected as a result of an unlawful seizure under the Fourth Amendment.  The court must first determine when the defendant was seized.  "[S]eizure occurs only when a citizen is physically touched by law enforcement officers or when he otherwise submits to a show of authority by the officers." Schulz v. Long, 44 F.3d 643, 647 (8th Cir. 1995).  However, there is no seizure if the subject does not yield to a show of authority.  Hodari D., 499 U.S. at 626.  Here,  the defendant continued to flee from the officers and only showed signs of submission when he came out of the upstairs hallway with his hands

up; there was no Fourth Amendment seizure before that time. See id. at 629 (finding seizure only when the officer finally tackled the defendant but not during the preceding foot chase).

Furthermore the arrest was justified once Officer Roling saw the defendant take the gun out of his shorts and drop it in the wooden storage locker. United States v. Sawyer, 224 F.3d 675, 679-80 (7th Cir. 2000) (finding probable cause where the police saw the defendant drop what appeared to be a gun during a foot chase). Any evidence retrieved thereafter complies with the Fourth Amendment, so the defendant's incriminating statements and the magazine clip found in his clothing are admissible.

Since the gun was discarded prior to seizure, it too is admissible. The defendant "forfeit[ed] any expectation of privacy in it that [he] might have had. The existence of a police pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary." United States v. Segars, 31 F.3d 655, 658 (8th Cir. 1994). See also United States v. Pfeiferling, 200 U.S. App. LEXIS 3686, 2-3 (8th Cir. 2000) (finding the defendant had abandoned guns and ammunition when he instructed a passenger to throw them out of the car window during a police chase). Similarly here, the defendant voluntarily threw the gun in the storage locker during his flight from the police, so the gun's subsequent recovery did not violate the defendant's Fourth Amendment rights.

Contrary to the defendant's assertion, the officers' initial entry into the apartment building and their varying recollections of the defendant's actions outside are not at issue. This was a consensual encounter between the officers and the defendant, there was no seizure at this time, so inquiry into the officers' justifications for entering the building is unnecessary. The

officers had the right to enter the area in question just as they had entered the neighboring buildings during that very same shift.

## CONCLUSION

IT IS THEREFORE RESPECTFULLY RECOMMENDED that the following results be adopted by the Court in response to Defendant Edward Keith Dembry's Motion to Suppress (Clerk's No.16):

1. Defendant's Motion to Suppress is denied.

2. The parties have to and including March 1, 2007, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Dated:  February 8, 2007  _____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE